850

ECONOMY FUSE & MFG. CO. v. COE,
Commissioner of Patents.
No. 6510.

United States Court of Appeals for the
District of Columbia.

Decided Nov. 2, 1936.

Rehearing Denied Dec. 14, 1936.

E. W. Shepard, of Washington, D. C., and James P. Hume, of Chicago, Ill., for appellant.

R. F. Whitehead, of Washington, D. C., Solicitor of Patent Office, for appellee.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, GRONER, and STEPHENS, Associate Justices.

ROBB, Associate Justice.

Appeal from a decree in the Supreme Court of the District (now District Court of the United States) dismissing appellant's bill filed under section 4915, R.S., as amended (35 U.S.C.A. § 63), to authorize the Commissioner of Patents to issue a patent to appellant (assignee of applicants Cherry and Kurath).

The case involves a thermoplastic molding composition, a process of molding it, and the finished molded article.

Of the claims, Nos. 8 to 13, inclusive, claim 8 for the composition is sufficiently illustrative, and is here reproduced:

"8. A thermoplastic molding composition comprising a thermoplastic reactive resinous binder and a filler consisting of relatively short lengths of spun fibrous material in string-like form."

In its brief appellant states that "molding compositions of this general type are well known and there are many such compositions now employed in various industrial uses for making numerous objects. Such compositions have resulted from the development of certain synthetic resinous materials which are suitable for use as the binders thereof." The binder used as an ingredient of appellant's molding composition "is any one of the resins of the group above referred to, which are thermoplastic as well as potentially reactive."

The other essential ingredient is the filling material. That employed by appellant is composed of relatively short lengths (approximately one-eighth of an inch to two inches in length) of strong pieces of string, or, as specified in claim 9, consists of "relatively short lengths of spun fibrous material in string-like form."

The patent to Talley, No. 1,223,216, discloses a molded gear composed of a resinous binder and a filler of unspun fibrous material. In his specification he states: "Many kinds of fibrous materials are suitable for my purpose, such as long and short staple raw cotton, hemp and other textile fibers, as well as certain varieties of long-filler asbestos."

Kempton, No. 1,513,323, discloses a moldable composition. In his specification he points out that a moldable body composed of a comminuted filler such as wood flour (fine sawdust), or a short-fiber filler, does not possess sufficient strength for some purposes, although the strength is uniform; that a body composed of superimposed layers of fibrous sheet material and a hardened phenolic condensation product possesses unusually great mechanical strength in one direction but not as great strength as is required, in some instances, in an opposite direction; that the sheet material may be conveniently formed into bodies of uniform thickness only. He then states: "To overcome these objections, attempts have been made, by various methods, to provide a moldable composition comprising long fibres, and particularly long cotton fibres, impregnated with a suitable binder, such as a phenolic condensation product, as it has been appreciated that a body molded from such material would possess uniform strength, in all directions, and a strength considerably exceeding that of moldable compositions having a granular or short-fibre filler. * * * I have found that woven fabrics, in sheet form, such as various forms of cloth, may be readily and uniformly impregnated with a phenolic condensation product,

in liquid form or in solution, and may then be dried without changing the character of the binder employed. The impregnated sheet material may then be shredded, chopped up, ground or otherwise comminuted to provide a loose, fluffy mass of long fibres which are substantially uniformly impregnated with the binder employed. In practicing my invention, I may impregnate a fabric or woven sheet material, of cotton or other fibre, such as duck, muslin, or the like. * * *"

Smith, patent No. 1,557,730, uses a string impregnated with a resinous binder, and then takes the impregnated string and packs it indiscriminately in the mold.

The Patent Office was of the view that the use of "relatively short lengths of spun fibrous material in stringlike form" as a reinforcing filler for a plastic composition in place of Talley's long fibres, Kempton's shredded canvas, or Smith's long pieces of string, involved "a mere carrying forward or new or more extended application of the original thought, a change only in form, proportions, or degree." Smith v. Nichols, 88 U.S.(21 Wall.) 112, 119, 22 L.Ed. 566.

While appellant has produced a moldable composition of greater strength than that of Kempton and greater moldability than that of Smith, we are constrained to rule that the result obtained was merely a change in degree.

The decree, therefore, must be affirmed.

Affirmed.